DA 13-0010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 171N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

BRIAN VIRGIL NAUMAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DC 99-063C
                    Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade Zolynski, Chief Appellate Defender, Lisa S. Korchinski, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
                Assistant Attorney General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, Alison E. Howard, Deputy County
                Attorney, Kalispell, Montana

                         Submitted on Briefs:  June 18, 2014
                                      Decided:  July 1, 2014

Filed:

                               _____
                                           Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In January 2001, the Eleventh Judicial District Court, Flathead County, sentenced Brian Nauman to Montana State Prison (MSP) for a term of 20 years with 10 years suspended for the offense of felony sexual assault of a 12-year-old female. Nauman was released from MSP in December 2010 and signed conditions of parole and probation that would pertain to the suspended portion of his sentence. His parole conditions included obtaining permission and approval from his parole officer before changing his address; having no contact with minors without prior permission from his therapist or supervising officer; not owning a computer or accessing the internet without prior permission, and submitting to a warrantless search of his person, vehicle or residence at any time.

¶3 In August 2011, Nauman's probation and parole officer, Kyle Hinzman, received a call from a known confidential informant (CI) who revealed that Nauman was residing in a home with multiple adults and young children and that he maintained a Facebook page on which he communicated with young girls and posted pictures with them. Because this conduct constituted a violation of Nauman's parole conditions, the officer went to the home to investigate. As Hinzman arrived, Nauman fled out the back door and hid in a wheat field. The officer captured Nauman and put him in his patrol car. Hinzman then returned to the

2

house and asked the adult occupants if Nauman had a mobile phone. One of the occupants provided two cell phones to Hinzman, reporting that they both belonged to Nauman.

¶4 As Hinzman was transporting Nauman to the detention center, Nauman denied ownership of the telephones but provided Hinzman with the information necessary to access Nauman's Facebook page. Subsequent search of the cell phones and the Facebook page revealed inappropriate communication with and photographs of children.

¶5 On August 22, 2011, the State filed a petition to revoke the suspended portion of Nauman's sentence based upon numerous alleged violations of his parole terms and conditions. In February 2012, Nauman filed motions to suppress the evidence obtained from the search of the cell phones and statements Nauman made to Hinzman. The District Court denied both motions. In October 2012, the court revoked the suspension of Nauman's remaining prison term and ordered him to serve 10 years in prison, with 2 years suspended. Nauman appeals the District Court's denial of his motion to suppress the evidence obtained from searching the cell phones. We affirm.

¶6 Nauman argues that Hinzman did not have reasonable cause to search the cell phones and that such a search was beyond the scope of a search authorized by the rules of probation. He asserts the search was unlawful and the evidence obtained should have been suppressed.

¶7 The State counters that the search was both reasonable and lawful under Nauman's parole conditions because at the time Hinzman seized the cell phones, he believed based upon visual evidence that Nauman was residing at the home. (This belief was later confirmed by the occupants of the home.) A court is authorized to revoke a suspended

sentence if a single term or condition of the parolee's sentence is violated. *State v. Tirey*, 2010 MT 283, ¶ 21, 358 Mont. 510, 247 P.3d 701. The State also maintains that there was substantial evidence outside the evidence obtained from the cell phones that Nauman had violated numerous terms and conditions of his sentence. As a result, the court did not err when it denied Nauman's motion to suppress the cell phone evidence.

¶8      The District Court's order denying Nauman's motion to suppress presented detailed findings of fact that are clearly supported by the evidence presented to the court. The court correctly concluded that a parolee has a "diminished expectation of privacy," and that under the "totality of the circumstances," Hinzman "had reasonable cause to search" the cell phones and Nauman's Facebook account. *State v. Smith*, 2008 MT 7, ¶ 15, 341 Mont. 82, 176 P.3d 258, *abrogated on other grounds*, *State v. Stops*, 2013 MT 131, 370 Mont. 226, 301 P.3d 811. We further observe that even if the search of the cell phones was arguable error, there was plenty of independent evidence to establish Nauman's violation of his parole restrictions. Therefore, the denial of Nauman's motion to suppress was not error.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶10      Affirmed.

                                        /S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH

4

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE